# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN CREMEEN, MIKE MANGE, ) <br> and DONNA J. ATCHLEY, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> MICHAEL P. SCHAEFER, et. al, ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 04-2519-CM** |

## MEMORANDUM AND ORDER

Plaintiffs bring this action claiming that defendants engaged in securities fraud and racketeering when they contrived and carried out a Ponzi scheme. Plaintiffs seek recovery for securities fraud under § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b); SEC Rule 10b-5; Kan. Stat. Ann. § 17-1268(a)-(b); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. This matter is before the court on defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 18). Defendant Bank of America argues that plaintiffs' allegations demonstrate that it merely provided regular banking services to its co-defendants – not that it participated in the Ponzi scheme. Defendant Bank of America further argues that plaintiffs' claims are couched in broad terms, insufficiently describing its allegedly fraudulent acts or its intent to defraud investors. The court agrees that plaintiffs have not pleaded their claims against defendant Bank of America with the requisite particularity. Instead of dismissing plaintiffs' claims, however, the court grants plaintiffs time to conduct limited discovery. Plaintiffs should file an amended complaint within thirty

1

days of completing such limited discovery with defendant Bank of America, either pleading the claims with particularity or dismissing them.

Also pending before the court is plaintiffs' Motion for Leave to Amend First Amended Complaint (Doc. 23). Defendant Bank of America opposes the motion because plaintiffs' proposed second amended complaint does not remedy any of the insufficiencies of the first amended complaint. For the reasons set forth below, the court grants plaintiffs' motion to amend.

## I.  Factual Background

The following facts are taken from plaintiffs' first amended complaint.

Defendants (collectively the "Schaefer enterprise") sold plaintiffs unregistered securities, which consisted of loans for modular home residential units. The Schaefer enterprise claimed that it erected homes on land in Arizona, added sunrooms to make them FHA residential homes, and then sold the homes to Canadian telephone company executives. The Schaefer enterprise, which falsely represented itself to investors as a Kansas registered corporation, promised plaintiffs high rates of return on their investments but actually paid them with investments from new investors. The Schaefer enterprise then used legitimate corporations, real estate transactions, the operation of used car lots, and other instrumentalities to launder the fraudulently obtained investment funds. Defendant Bank of America facilitated the securities fraud and racketeering of the Schaefer enterprise by: (1) opening a checking account for the enterprise; (2) providing checks that falsely identified the Schaefer enterprise as a Kansas registered corporation; and (3) accepting and processing wire transfers and checks from other banks addressed to the false corporation.

2

**II.     Legal Standards**

    **A.     Motion to Dismiss Standards**

Defendant Bank of America moves to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiffs fail to plead with the requisite particularity of Fed. R. Civ. P. 9(b). In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume as true all well-pleaded facts in plaintiffs' complaint and view them in a light most favorable to plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). The court must make all reasonable inferences in favor of plaintiffs, and liberally construe the pleadings. *See* Fed. R. Civ. P. 8(a); *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). The issue in reviewing the sufficiency of the complaint is not whether plaintiffs will prevail, but whether plaintiffs are entitled to offer evidence to support their claims.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiffs can prove no set of facts in support of their theories of recovery that would entitle them to relief. *See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiffs need not precisely state each element of their claims, plaintiffs must plead minimal factual allegations on those material elements which they must prove. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under Fed. R. Civ. P. 9(b), however, fraud claims must describe with specificity the circumstances constituting fraud, including the time, place and content of false representations, the identity of the person making the representation and what was obtained or given thereby. *Smith v. MCI Telecomms. Corp.*, 678 F. Supp. 823, 825 (D. Kan. 1987). Plaintiffs must allege the "who, what, where, and when" of each purported fraudulent act. *NAL II, Ltd. v. Tonkin*, 705 F. Supp. 522, 525-26 (D. Kan. 1989).

Furthermore, when plaintiffs allege fraud against multiple defendants, they must set forth separately the acts of each defendant. *Gottstein v. Nat'l Ass'n for the Self Employed*, 53 F. Supp. 2d 1212, 1222 (D. Kan. 1999) (citing *Wiesner v. Willkie Farr & Gallagher*, 785 F. Supp. 408, 411 (S.D.N.Y. 1992)).

While dismissals in the securities context may be difficult to obtain, courts do not hesitate to dismiss securities claims pursuant to Fed. R. Civ. P. 12(b)(6) "where the plaintiff has failed to allege with particularity circumstances that could justify an inference of fraud under Rule 9(b)." *Grossman v. Novell*, 120 F.3d 1112, 1118 (10th Cir. 1997).

### B.  Applicability of Rule 9(b) to Plaintiffs' Claims

Plaintiffs must plead all claims of fraud with particularity pursuant to Fed. R. Civ. P. 9(b). *See Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). This includes claims alleging violations of § 10(b) of the 1934 Act and SEC Rule 10b-5. *Lillard v. Stockton*, 267 F. Supp. 2d 1091, 1094 (N.D. Okla. 2003) (citing *Seattle-First*, 800 F.2d at 1010). Rule 9(b) also governs fraud claims arising under Kansas law, *Sheldon v. Vermonty*, 53 F. Supp. 2d 1157, 1168 (D. Kan. 1999), and RICO predicate acts based on fraud, *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989). Because Fed. R. Civ. P. 9(b) applies to all of plaintiffs' claims, plaintiffs must plead each claim with particularity to withstand defendant Bank of America's motion to dismiss.

## III.  Discussion

### A.  Securities Fraud Claims

Defendant Bank of America first argues that plaintiffs fail to state a claim for securities fraud under federal and state law. The elements of a securities fraud claim are "(1) a misleading statement or omission of a material fact; (2) made in connection with the purchase or sale of securities; (3) with intent to defraud

4

or recklessness; (4) reliance; and (5) damages." *Grossman*, 120 F.3d at 1118 (citation omitted); *Arst v. Stifel, Nicolaus & Co.*, 86 F.3d 973, 981 (10th Cir. 1996) (citation omitted); *see* Kan. Stat. Ann. § 17-1268(a), (b). *But see Comeau v. Rupp*, 810 F. Supp. 1127, 1158-59 (D. Kan. 1992) (noting that reliance is not required under Kansas law). The Private Securities Litigation Reform Act ("PSLRA") requires that the complaint specify each allegedly misleading statement and the reason(s) why the statement is misleading. 15 U.S.C. § 78u-4(b)(1)-(2). Additionally, the PSLRA requires plaintiffs to plead with particularity facts which permit a strong inference of fraudulent intent. *See Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1261-62 (10th Cir. 2001).

Plaintiffs fail to meet the PSLRA and the Rule 9(b) pleading standards because they do not specify which (if any) misleading statements defendant Bank of America made or omitted. They do not identify what accounts defendant Bank of America used in connection with the alleged fraud, who at Bank of America committed the fraud, or at which branch the fraud occurred. Instead, plaintiffs generally allege that defendant Bank of America knew of other defendants' material misrepresentations and omissions. Such general allegations do not state a cause of action for securities fraud under either federal or state law. *See Lillard*, 267 F. Supp. 2d at 1102 (holding that blanket allegations of fraud "by the defendants" are insufficient); *Gabbert v. Penncorp Fin., Inc.*, 1994 WL 675192, at *2 (D. Kan. Nov. 21, 1994) (requiring specification of each defendant's separate act when alleging fraud against multiple defendants).

Moreover, plaintiffs do not plead any facts which permit a strong inference of fraudulent intent by defendant Bank of America. They argue that because defendant Bank of America opened an account for a non-existent corporation, Schaefer Enterprises, Inc., defendant Bank of America must have had the requisite fraudulent intent. But allegations that defendant "possessed knowledge of facts later determined to

have been material, without more, is not sufficient to demonstrate that defendant intentionally withheld those facts from or recklessly disregarded the importance of those facts to a company's shareholders to deceive, manipulate, or defraud." *Philadelphia*, 264 F.3d at 1260.

Plaintiffs also argue that defendant Bank of America had a duty to disclose material misrepresentations and omissions, and that its failure to do so constitutes federal securities fraud. The Supreme Court, however, has held that parties to an impersonal market transaction owe no duty of disclosure absent a fiduciary relationship, prior dealings, or circumstances such that one party has placed trust and confidence in the other. *See Dirks v. SEC*, 463 U.S. 646, 654-55 (1983). A bank which does business with a corporation or limited partnership owes no duty of disclosure to investors with whom the bank had no relationship prior to the investment. *See Schlifke v. Seafirst Corp.*, 866 F.2d 935, 945 (7th Cir. 1989). Here, plaintiffs do not allege that they had a prior relationship with defendant Bank of America.

Finally, plaintiffs contend that they do not need to plead facts specific to defendant Bank of America because (1) they have alleged that defendant Bank of America conspired with the Schaefer enterprise, and (2) they pleaded specific facts detailing how the Schaefer enterprise engaged in fraud. To the contrary, plaintiffs cannot survive a motion to dismiss simply by alleging the existence of a conspiracy; they must allege facts showing a mutual understanding, meeting of the minds, or agreement. *Henry v. Bd. of Leavenworth County Comm'rs*, 64 F. Supp. 2d 1042, 1058-59 (D. Kan. 1999). Plaintiffs have pleaded no such facts with respect to defendant Bank of America. Moreover, the court questions whether a conspiracy claim is even actionable under § 10(b), Rule 10b-5, *see Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 135 F.3d 837, 844 (2d Cir. 1998) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 169 (1994)) (holding that *Central Bank*, which held

aiding and abetting not actionable under § 10(b), also precluded § 10(b) and Rule 10b-5 conspiracy suit), or Kan. Stat. Ann. § 17-1268, *see Ames v. Uranus, Inc.*, 1993 WL 106896, at *12 (D. Kan. Mar. 17, 1993) (stating that non-sellers or solicitors are not liable for aiding and abetting or conspiracy under Kan. Stat. Ann. § 17-1268).

### B. RICO Claim

Defendant Bank of America next argues that plaintiffs do not plead their RICO claims with the requisite particularity. To plead a viable civil RICO claim under 18 U.S.C. § 1962(c), plaintiffs must allege that a defendant "'(1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Abbott v. Chem. Trust*, 2001 WL 492388, at *15 (D. Kan. Apr. 26, 2001) (quoting *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1100 (10th Cir. 1999)). Under Rule 9(b), plaintiffs must allege with particularity not only each element of a RICO violation, but also the predicate acts of racketeering. *Phillips USA, Inc. v. Allflex USA, Inc.*, 1993 WL 191615, at *2 (D. Kan. May 21, 1993) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992)). To properly allege the predicate acts, plaintiffs must specify the "who, what, where, and when" of each purported act. *Id.* (citation omitted).

As an initial matter, plaintiffs contend that their RICO allegations are subject only to the pleading standards of Fed. R. Civ. P. 8(a). But the case they cite for this proposition only holds that ***damages*** must be alleged in accordance with the Rule 8 "short and plain statement" standard. *See Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002). In fact, *Robbins* specifically recognizes that plaintiffs must allege predicate acts based on fraud with the particularity required by Rule 9(b). The court finds plaintiffs' argument without foundation, and will measure plaintiffs' allegations by Rule 9(b) standards.

Plaintiffs allege that defendant Bank of America committed several predicate acts, including fraud relating to identification documents, money laundering, financial institution fraud, fraud in the sale of securities, and "engaging in monetary transactions in property derived from specified unlawful activity." These allegations, however, do not state a RICO claim against defendant Bank of America. As noted above, plaintiffs allege little more than that defendant Bank of America provided regular banking services to the Schaefer enterprise. *See Abbott*, 2001 WL 492388, at *15 (holding that plaintiffs failed to state a RICO claim when the bank merely provided regular services to Ponzi scheme investors). "[S]imply 'provid[ing] goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result.'" *Id.* (citations omitted).

Plaintiffs' RICO claims against defendant Bank of America fail for several other reasons. First, plaintiffs must allege that defendant Bank of America "participated in the conduct" of the Schaefer enterprise by participating in the enterprise's operation or management. *BancOklahoma Mortgage Corp.*, 194 F.3d at 1100 (citing *Reves v. Ernst & Young*, 507 U.S. 170, 178-79 (1993)). In other words, absent facts which suggest that defendant Bank of America directed the enterprise, allegations of participation in the activities of the enterprise are insufficient. *Id.* Although it is not necessary for the participant to have "significant control," one must have some part in directing the affairs of the enterprise. *Id.* (citing *Reves*, 507 U.S. at 178-80, 179 n.4). Plaintiffs argue that defendant Bank of America "directed" the affairs of the Schaefer enterprise because it allocated the fraudulently obtained funds to various individuals and entities. The court is not persuaded. According to plaintiffs' own allegations, defendant Bank of America merely provided regular services and distributed funds as it was instructed to do. Plaintiffs make no allegations which suggest that defendant Bank of America directed the affairs of the

Schaefer enterprise. *See Abbott*, 2001 WL 492388, at *15.

Second, plaintiffs allege that defendant Bank of America committed fraud relating to identification documents under 18 U.S.C. § 1028. An identification document is defined as a document prepared by a governmental entity which is intended to identify an ***individual***. *See* 18 U.S.C. § 1028(d)(2) (emphasis added). Here, plaintiffs complain that defendant Bank of America opened an account for the Schaefer enterprise under a false identity — i.e., Schaefer Enterprises, Inc., a non-existent corporation. Documents relating to Schaefer Enterprises, Inc. are not "identification documents" under RICO.

Third, plaintiffs allege that defendant Bank of America committed the predicate acts of financial institution fraud (18 U.S.C. § 1344) and money laundering (18 U.S.C. § 1956). The § 1344 claim fails because plaintiffs have not alleged a scheme to defraud a financial institution. Plaintiffs, who are individual investors and not a bank, are the alleged victims in this case. Even if plaintiffs' businesses were indeed "mortgage lenders," as alleged in the complaint, § 1344 applies only to federally insured financial institutions. *United States v. Jacobs*, 117 F.3d 82, 93 (2d Cir. 1997).

The § 1956 claim fails because the predicate act of money laundering requires proof that a defendant intended to promote unlawful activity. *See United States v. Levine*, 970 F.2d 681, 686 (10th Cir. 1992). Plaintiffs make no factual allegations that defendant Bank of America intended to promote the unlawful activity of the Schaefer enterprise. To the contrary, plaintiffs allege that when employees of defendant Bank of America learned about the Ponzi scheme, they intercepted and held funds from new investors instead of using those funds to pay earlier investors. This interference with the Ponzi scheme negates any inference of intent to promote unlawful activity.

Fourth, plaintiffs allege that defendant Bank of America committed a crime under 18 U.S.C. §

1957, which addresses "engaging in monetary transactions in property derived from specified unlawful activity." The allegations with respect to this predicate act, however, relate solely to a home loan and mortgage on the Schaefer home. Plaintiffs do not allege that defendant Bank of America was involved in that transaction.

Finally, plaintiffs allege a RICO claim based on fraud in the sale of securities. *See* 18 U.S.C. § 1961. Such a claim is only actionable when at least one of the perpetrators has been convicted of securities fraud. *See* 18 U.S.C. § 1964(c). Plaintiffs have not alleged a criminal conviction.

Plaintiffs ask the court to permit discovery with defendant Bank of America and grant leave to amend their complaint after discovery, instead of dismissing their complaint. They cite *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289-90 (1st Cir. 1987), for the proposition that the court should allow discovery when a defendant is in exclusive control of information needed to plead a claim with particularity. According to plaintiffs, defendant Bank of America has exclusive control over forms completed by Michael and Linda Schaefer to open the bank account under the fraudulent name of Schaefer Enterprises, Inc., the date and time the account was opened, and the dates of wire transfers to and from the account.

The PSLRA severely limits a plaintiff's right to discovery once a party files a motion to dismiss. *See* 15 U.S.C. § 77z-1(b) (1997) ("In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). Plaintiffs have only identified limited discovery in which they wish to engage – they seek the information allegedly protected by the "Banking Privacy Act." The court questions whether

such information is of the type which would fully resolve plaintiffs' pleading insufficiencies, as many of plaintiffs' claims against defendant Bank of America appear to be futile. However, the court finds that it would not unduly prejudice defendant Bank of America to require it to respond to limited discovery requests. In order to prevent undue prejudice to plaintiffs, the court orders that plaintiffs may seek the limited discovery they have identified in their response to defendant Bank of America's Motion to Dismiss.[1] Such discovery shall be completed within thirty days. To the extent plaintiffs identify additional particularized discovery necessary to prevent undue prejudice, plaintiffs may petition the court within said thirty days to expand the scope and, if necessary, length of discovery. The court grants plaintiffs leave to amend their complaint within thirty days of the close of the limited discovery with defendant Bank of America. Defendant Bank of America may renew its motion to dismiss if plaintiffs fail to amend their complaint with allegations that meet Rule 9(b) and PSLRA pleading standards.

### C. Motion for Leave to Amend First Amended Complaint

Plaintiffs seek to amend their first amended complaint to change and delete claims which do not affect defendant Bank of America. Plaintiffs' proposed allegations against defendant Bank of America remain materially the same, and no other party has challenged plaintiffs' motion. Although the court has held that the allegations against defendant Bank of America are not pleaded with particularity, the court has granted plaintiffs time to conduct limited discovery to enable them to correct the pleading deficiencies. Because no other reasons are advanced for denying plaintiffs' motion to amend their complaint, the court grants plaintiffs' motion.

---

[1] Because the court does not have details on the exact content or nature of the requested materials, this order should not be construed as a ruling on the discoverability of the materials.

**IT IS THEREFORE ORDERED** that defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 18) is denied.  Plaintiffs may seek the limited discovery they have identified in their response to defendant Bank of America's Motion to Dismiss.  Such discovery shall be completed within thirty days, and plaintiffs may amend their complaint within thirty days of the close of such discovery.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Amend First Amended Complaint (Doc. 23) is granted.

Dated this 10th day of August 2005 at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**