IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAWN CREMEEN, MIKE MANGE, and DONNA J. ATCHLEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL P. SCHAEFER, et. al, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>No. 04-2519-CM |

**MEMORANDUM AND ORDER**

This case is before the court on Defendant First Franklin Financial Corporation's Motion to Dismiss (Doc. 54). As this court has repeatedly stated, the operative complaint in this case is plaintiffs' first amended complaint, which is Document 13. Defendant First Franklin moved to dismiss the first amended complaint, and plaintiffs responded with reasons why the proposed second amended complaint – which has never been filed – is sufficient. But despite being given multiple chances to file a second amended complaint, and despite attaching the proposed second amended complaint as exhibits to two filed documents, plaintiffs have never filed the second amended complaint. Moreover, even now, they are not seeking leave to do so. Instead, plaintiffs assume that the court will consider their second amended complaint.

The court will not consider the document which has been proposed as plaintiffs' second amended complaint. Plaintiffs have exhibited undue delay, and First Franklin would be unduly prejudiced if the court were to consider the still-unfiled document. In fact, First Franklin specifically sought clarification from the court on which complaint was operative before filing its

1

motion to dismiss. (Doc. 40). The court instructed First Franklin to respond to the first amended complaint (Doc. 44), and plaintiffs did not object to the court's order. The court therefore evaluates the merits of First Franklin's motion as applied to plaintiffs' first amended complaint.

The court finds that dismissal of the claims against First Franklin is appropriate for the same reasons the court dismissed the claims against Bank of America. The claims against First Franklin are substantially the same as the claims against Bank of America. Where the claims differ, plaintiffs have still failed to plead the claims with particularity, and have failed to sufficiently allege any more than that First Franklin and other defendants had a mortgage lender/borrower relationship – not that First Franklin engaged in securities fraud or RICO violations. The court therefore grants First Franklin's motion to dismiss for the reasons the court previously set forth in its order dismissing the claims against Bank of America, as well as the reasons set forth in First Franklin's memorandum in support of its motion to dismiss.

Plaintiffs ask the court to permit discovery to meet any heightened pleading requirements, instead of dismissing the claims against First Franklin. Although the court previously indicated that plaintiffs could seek such discovery as to Bank of America, the court then reconsidered its decision and determined that discovery was not appropriate. For the reasons the court denied discovery with respect to Bank of America, the court also denies plaintiffs' discovery request here.

Plaintiffs also seek leave to amend their complaint to correct any deficiencies. The court denies this request. Plaintiffs have had multiple opportunities to remedy the deficiencies previously identified by the court. Plaintiffs have not filed their proposed second amended complaint, although it has been drafted since at least April 5, 2005. Plaintiffs' request is untimely; they have known of the facts since, at the latest, April 5, 2005, and have provided no explanation why they never filed

the proposed second amended complaint. Amendment would also unduly prejudice First Franklin, who has relied on the first amended complaint being the operative complaint in this case. For these reasons, the court denies plaintiffs' request to amend.

Also before the court is plaintiffs' response to Magistrate Judge Rushfelt's order to show cause. Judge Rushfelt directed plaintiffs to show cause why their claims should not be dismissed against the various defendants. Plaintiffs responded that several defendants should be dismissed from the case: Great Performance Golf, LLC; Schaefer Enterprises, Inc.; and Nevets, Inc. The court dismisses these parties. Plaintiffs did not explain why "John Does 1-17" should remain in the case, and plaintiffs have never served them. The court therefore dismisses the John Does.

Michael P. Schaefer, Linda K. Schaefer, and Michael S. Schaefer have never answered the complaint or first amended complaint. Attorney Mark Sachse did, however, enter his appearance on behalf of Linda Schaefer on January 18, 2006. It appears to the court that plaintiffs asked the Clerk of the Court to enter default against the Schaefers on December 10, 2005. Although the Clerk did not enter default, plaintiffs then moved the court for default judgment, which the court denied as moot.

The court notes that the issue of whether default should be entered against the Schaefers needs to be considered by the Clerk of the Court. The court will notify the Clerk that it should consider whether to enter default based on Document 46. If and when the Clerk enters default, plaintiffs may again seek default judgment from the court against any parties in default.

As a final note, it appears to the court that Shawn Cremeen is no longer actively participating in this case. Although Mr. Cremeen may have thought that the omission of his name from the proposed second amended complaint terminated his participation in this case, the court has ruled that

3

the second amended complaint is not operative.  The court will therefore grant Mr. Cremeen eleven days to show cause to the court why his claims against the remaining defendants should not be dismissed without prejudice for failure to prosecute.  If the court does not receive a response within eleven days, Mr. Cremeen's claims will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Defendant First Franklin Financial Corporation's Motion to Dismiss (Doc. 54) is granted.

**IT IS FURTHER ORDERED** that defendants Great Performance Golf, LLC; Shaefer Enterprises, Inc.; Nevets, Inc.; and John Does 1-17 are dismissed from the case.

**IT IS FURTHER ORDERED** that plaintiff Shawn Cremeen has eleven days to show cause to the court why his claims against the remaining defendants should not be dismissed without prejudice for failure to prosecute.

Dated this 21st day of August 2006 at Kansas City, Kansas.

     **s/ Carlos Murguia**
     **CARLOS MURGUIA**
     **United States District Judge**